# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MARK RUFFIN, # 76080                                                            PETITIONER

v.                                                                     CAUSE NO. 3:17CV503-LG-RHW

BILLY SOLLIE                                                                            RESPONDENT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Mark Ruffin, a pretrial detainee at the Lauderdale County Detention Facility, filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241. He asks the Court to dismiss his pending state charges. The Court has considered and liberally construed the pleadings and determined that this action should be dismissed.

## DISCUSSION

Ruffin alleges that he was originally arrested and charged in state court with possession of crack cocaine and sale of methamphetamine. However, on June 12, 2017, he was indicted for possession and sale of methamphetamine. He takes issue with the fact that the possession charge now differs from the time of arrest, and he argues that there is no evidence of a sale. For relief, he asks this Court to dismiss both pending state charges.

Absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a

judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). An exception is drawn based on the type of relief sought by the petitioner. *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). The distinction is "between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial process' by litigating a . . . defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown*, 530 F.2d at 1283). Generally, the court is without authority to abort the state criminal trial. *Dickerson*, 816 F.2d at 226. On the other hand, a federal court may "consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Green v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988).

Ruffin asks that the state criminal charges be dismissed. He does not seek to force the State of Mississippi to bring him to trial or to enforce any other procedure. Since federal habeas corpus is not available to abort the state criminal proceedings here, the habeas claims should be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 5th day of July, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE